IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13–35–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| PAMELA DORENE CRARY, | |
| Defendant. | |

Pending before the Court are two motions filed by Defendant Pamela Crary: a motion to dismiss Count I of the Indictment for failure to comply with the five year statute of limitations, and a motion to dismiss the Indictment. The motion to dismiss Count I of the Indictment will be granted in part and denied in part, and the motion to dismiss the Indictment will be denied.

## I. Motion to Dismiss Count I

Defendant argues Count I of the Indictment against her, charging theft of government money in violation of 18 U.S.C. § 641, must be dismissed because the allegations wrongfully combine discrete offenses based on a continuing offense theory in violation of the five year statute of limitations. Defendant relies upon *United States v. Yashar*, 166 F.3d 873 (7th Cir. 1999), wherein the Seventh Circuit

1

deemed embezzlement under 18 U.S.C. § 666 a non-continuing offense. The government argues that *Yashar* provides little guidance because the defendant in that case was charged with embezzlement, not theft of government property as in this case. The government points to two district court decisions that is believes are more on point because the defendants in each were charged with theft of government property. In the first, *United States v. Pease*, 2008 WL 808683 (D.Ariz. March 24, 2008), the Arizona district court held that § 641 is not a continuing offense. In the second, *United States v. Phan*, 754 F. Supp. 2d 186 (D. Mass. 2010), the Massachusetts district court held that § 641was a continuing offense in that case.

The statute of limitations applicable here provides that the indictment must be found within five years after the offense is committed. 18 U.S.C. 3282. An offense is committed when it is completed, meaning when each element has occurred. *Yashar*, 166 F.3d at 875. An exception exists for continuing offenses, or offenses in which "(a) the explicit language of the substantive criminal statute compels such a conclusion, or (b) the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.* (internal quotations omitted). "The hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that 'each day brings a renewed threat

of the evil Congress sought to prevent' even after the elements necessary to establish the crime have occurred." *Id.* The statute of limitations begins to run for continuing offenses when the offense expires. The continuing offense doctrine is construed narrowly because it extends the statute of limitations. *Id.* at 876. Examples of crimes considered continuing offenses are conspiracy, kidnaping, and escape.

The government is correct that *Yashar* is not directly on point to the issues involved here because the defendant in *Yashar* was charged with embezzlement rather than theft of government money. Embezzlement under 18 U.S.C. § 666 "makes it a federal crime for an agent of a local government or agency to embezzle, steal, obtain by fraud, or otherwise misapply property of that government or agency that is valued at more than $5000, during any one-year period in which the local government or agency receives federal benefits in excess of $10,000." *Yashar*, 166 F.3d at 875. 18 U.S.C. § 641 provides that "[w]hoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, . . . or whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—Shall

be fined under this title or imprisoned not more than ten years, or both . . . ."

In *Pease*, the Court determined that nothing in the language of the first paragraph of § 641 indicates that Congress intended to create a continuing offense. Regarding the second *Toussie* requirement, the Court noted that "[i]t is not the active or passive nature of a defendant's actions that matters, but rather whether the statute describes an offense that by its nature continues after the elements have been met." *Pease*, 2008 WL at *2. The Court concluded that "the crime of conversion of government funds as codified in the first paragraph of § 641 is not a continuing offense" thus the statute of limitations barred prosecution of Defendant for all violations occurring prior to five years preceding the indictment. *Id.* at *3.

In *Phan*, the Michigan district court agreed that no language in § 641 indicates it is a continuing offense. 754 F. Supp. 2d at 189. The Court focused instead on the second type of continuing offense which requires a finding that Congress must have intended the offense to be treated as continuing. The Court noted that the majority of district courts in the First Circuit have held that § 641 is not a continuing offense, reasoning that such a finding would enable prosecutors to control the operation of the statute of limitations by charging defendants with a single offense rather than multiple separate offenses. *Id.* at 190. Despite this, the *Phan* Court held that "while § 641 is not inherently and automatically a continuing

4

offense, it is in this case where the violation consists of an uninterrupted scheme wrongfully to receive SSI payments which continued well into the statute of limitations period." *Id.* Because the negative effect on society from the defendant's initial misrepresentation continued until the illicit payments stopped, the crime continued until it was affirmatively ended. *Id.*

Although the Ninth Circuit has not published an opinion directly on this issue, in *United States v. Morales* it determined that a continuing offense in a non-statute of limitations context "has no applicability to a situation like this where the charged criminal conduct itself extends over a period of time. The doctrine comes into play where it is contended that the actual conduct of the defendant ended but the crime continued past that time." 11 F.3d 915, 921 (9th Cir. 1993). *Morales* involved the appropriate sentence of a defendant convicted of bribery and conspiracy to defraud the United States. The *Yashar* Court, while recognizing *Morales* did not involve a statute of limitations situation, stated that the Ninth Circuit "appears to hold that an offense is not complete until the scheme is completed." *Yashar*, 166 F.3d at 878. An unpublished Ninth Circuit opinion also held that a district court did not plainly err in determining that the statute of limitations did not bar a theft of government property charge that straddled the statute of limitations date. *See United States v. Neusom*, 159 Fed. Appx. 796, 798

5

(9th Cir. 2005)(unpublished).

Finally, United States District Judge Donald W. Molloy confronted this issue in the context of the Clean Air Act in *United States v. W.R. Grace*, and resolved it as follows:

> The Ninth Circuit cases do not provide clear guidance in this instance. *Niven*'s statement that the analysis turns on the nature of the substantive offense is muddled by the subsequent implication in *Morales* that *Toussie*'s application is dependent on the nature of the government's contention in a given case. The picture is further obscured by the fact that neither case addresses the *Toussie* test in the statute of limitations context, but rather both deal with the Guidelines. Without a clear directive, following the more sensible approach adopted by the Seventh Circuit in *Yashar* and the Ninth Circuit in *Niven* is the logical path to take. The goal of the *Toussie* test is to ascertain what Congress "must assuredly have intended" with respect to the application of the statute of limitations; there is nothing about the specific conduct charged in a given case that could possibly shed light on Congress' intent. To the contrary, as the *Yashar* court observed, reference to the nature of the offense charged creates the possibility that the intent of Congress may be obscured by a prosecutor's charging decision.

429 F. Supp. 2d 1207, 1243 (D. Mont. 2006). Judge Molloy held that the defendants' alleged violation of the Clean Air Act was not a continuing offense and granted the motion to dismiss regarding criminal conduct preceding the statute of limitations period. The Court agrees with Judge Molloy's approach in *W.R. Grace* and will examine the statutory language of § 641 rather than the charged conduct in this case.

Count I of the Indictment charges Defendant as follows:

6

> Beginning in or about August 200l, and continuing thereafter to in or about March 2010, at Missoula, in the State and District of Montana, the defendant, PAMELA DORENE CRARY, did knowingly and willfully embezzle, steal, purloin, and knowingly convert to her use, money, being the property of the United States Social Security Administration, an agency or department of the United States, of a value in excess of $1,000, that is, the defendant, PAMELA DORENE CRARY, fraudulently received and misused approximately $68,136.45 in Supplemental Security Income payments, in violation of 18 U.S.C. § 641.

The Indictment was filed on August 29, 2013. Thus, if Defendant is correct and the five-year statute of limitations applies, only evidence of conduct beginning on August 29, 2008 would be admissible to prove the allegations against her.

The Court finds the reasoning in *Pease* and *W.R. Grace* persuasive and finds that § 641 is not a continuing offense. Thus the statute of limitations applies to the allegations in Count I of the Indictment.

Regarding the first part of the *Toussie* test, the Court agrees that nothing in the language of § 641 indicates that Congress intended it to be a continuing offense. As to the second part, the statement in *Pease* that "[i]t is not the active or passive nature of a defendant's actions that matters, but rather whether the statute describes an offense that by its nature continues after the elements have been met" compels the conclusion that § 641 is not a continuing offense. The language of the statute is very broad and encompasses many types of conversion, theft, or embezzlement of various types of government property; "[w]hoever embezzles,

steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, . . . or whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted . . . ."

Although some crimes falling within this statute may continue after the elements have been met, many others would be complete upon one criminal action such as stealing property or embezzling funds on one occasion. Thus, the Court cannot say that the nature of the crime as defined by the statute is such that Congress must assuredly have intended that it be treated as a continuing one. Although the *Morales* opinion suggests looking beyond the statutory language, that case did not involve the statute of limitations and thus did not consider the policy reasons or follow the narrow interpretation required here. Those policy reasons include "limit[ing] exposure to criminal prosecution to a fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions, to discourage prosecution based on facts obscured by the passage of time, and to encourage law enforcement officials promptly to investigate suspected criminal activity." *Yashar*, 166 F.3d at 879. The *Phan* decision, though well-reasoned, looked beyond the statutory language to the

offense conduct, which this Court has chosen not to do. For these reasons, Defendant's motion to dismiss Count I of the Indictment will be granted as to conduct charged prior to August 29, 2008.

Defendant argues that "since the government cannot prove that the amount alleged in the Indictment ($68,136.45) was obtained within the five year period before the filing of the Indictment Count I is subject to dismissal." (Doc. 13 at 3.) The government does not address what the appropriate remedy would be if the Defendant's motion was granted.

"[A]n indictment is sufficient if: (1) it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Hill*, 279 F.3d 731, 741 (9th Cir.2002) (citing *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)); see also Fed.R.Crim.P. 7(c)(1). Failure to allege a required element of the charged offense is a fatal flaw requiring dismissal.

Count I of the Indictment here is sufficient even when narrowed to the applicable statute of limitations time period, and thus Count I will be narrowed but

not dismissed.[1]  Count I contains the elements of the offense charged and informs the defendant of the offense against which she must defend.  Defendant also does not identify any way in which limiting the time period and the amount alleged in the Indictment would prevent her from pleading an acquittal or conviction in bar of future prosecutions.  Limiting the time period of the acts alleged in the Indictment to acts occurring after August 29, 2008 does not render the Indictment insufficient because the United States can still attempt to prove all the elements of the offense at trial–only in a narrower time frame.  This simply reduces the amount of evidence against the Defendant and does not prejudice her defense.  Thus, the Court will grant Defendant's motion to dismiss Count I in part based on the statute of limitations issue, but deny the motion in part because Count I will not be dismissed in its entirety as Defendant requests.

**II.  Motion to Dismiss Indictment**

Defendant seeks dismissal of the entire Indictment arguing she should have been charged under 42 U.S.C. § 1383a(a)(3) rather than under 18 U.S.C. §§ 641 and 1001.  Defendant argues that because more specific statutes are given precedence over more general ones, the Indictment is fatally flawed because 18

---

[1] Other Courts facing similar motions have narrowed the charges against defendants without dismissing the count entirely.  *See State v. Hunter*, 257 Or. App. 764 (Or. App. 2013); *United States v. W.R. Grace*, 429 F.Supp.2d 1207 (D.Mont. 2006).

U.S.C. §§ 641 and 1001 are general fraud statutes and 42 U.S.C. § 1383a(a)(3) more specifically matches her alleged conduct in this case. The government responds that it has discretion to choose under which statute to prosecute so long as it does not discriminate against any class of defendants. The government is correct and Defendant's motion will be denied.

"[W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *United States v. Batchelder*, 442 U.S. 114, 123-24 (9th Cir. 1979). Whether to prosecute and what to charge an individual with are decisions generally left to the prosecutor's discretion. *Id.* at 124. Defendant does not claim that she is the subject of discrimination based upon the charge against her; thus her argument fails. Her reliance on *Busic v. United States* for the proposition that more specific statutes are given precedence over more general ones misses the mark because that statement was made in the context of whether enhanced firearms penalties applied to a defendant's sentence. *Busic* had nothing to do with prosecutorial discretion in charging and Defendant's reliance upon it is unconvincing. Defendant's motion to dismiss the Indictment will be denied.

IT IS ORDERED that Defendant's motion to dismiss Count I of the Indictment (Doc. 12) is GRANTED IN PART AND DENIED IN PART as set

forth herein. Count I of the Indictment is narrowed to include only acts within the statute of limitations period but is not dismissed.

IT IS FURTHER ORDERED that Defendant's motion to dismiss the Indictment (Doc. 14) is DENIED.

Dated this 15th day of November, 2013.

Dana L. Christensen, Chief District Judge
United States District Court